# FILED
AUG 22 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

# VERIFIED COMPLAINT

PRO SE' PLAINTIFF, JOSHUA SCOTT, FOR HIS VERIFIED COMPLAINT AGAINST DEFENDANTS UNITED STATES POSTAL SERVICE (USPS); LOUIS DEJOY, POSTMASTER GENERAL (IN OFFICIAL CAPACITY), NATIONAL ASSOCIATION OF LETTER CARRIERS, ALAMO BRANCH 421,

RICHARD W. GOULD, REGIONAL ADMINISTRATIVE ASSISTANT (RAA) FOR NALC REGION 10 (IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY)

SHAWN BOYD NATIONAL BUSINESS AGENT (NBA) FOR NALC REGION 10 IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES

1:25CV01362 RP

## I. JURISDICTION AND VENUE

1. THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331 BECAUSE THIS ACTION ARISES UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES, INCLUDING THE POSTAL REORGANIZATION ACT, 39 U.S.C. § 1208(b) (THE ANALOGUE TO § 301 OF THE LMRA), THE FEDERAL TORT CLAIMS ACT ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, AND THE FIFTH AMENDMENT.

2. JURISDICTION ADDITIONALLY LIES UNDER 28 U.S.C. § 1346(b)(1) for FTCA CLAIMS AGAINST THE UNITED STATES. TO THE EXTENT REQUIRED, PLAINTIFF WILL SATISFY ALL ADMINISTRATIVE PREREQUISITES; ANY REFUSAL TO ACCEPT OR PROCESS CLAIMS BY USPS HAS BEEN FUTILE IN LIGHT OF THE ONGOING ENFORCEMENT DEFIANCE DESCRIBED HEREIN.

3. VENUE IS PROPER IN THIS DISTRICT UNDER 28 U.S.C. § 1391(b) BECAUSE A SUBSTANTIAL PART OF THE EVENTS AND OMISSIONS GIVING RISE TO THE CLAIMS OCCURRED IN TEXAS WITHIN THE WESTERN DISTRICT (INCLUDING AUSTIN DIVISION PRACTICE FOR RELATED MATTERS), AND THE DEFENDANTS TRANSACT BUSINESS IN THIS AREA AND DISTRICT.

1

## II. PARTIES

4. PRO SE PLAINTIFF JOSHUA JEROME SLOT IS A CITIZEN OF TEXAS AND AT ALL RELEVANT TIMES WAS EMPLOYED BY THE USPS AS A CITY CARRIER. HE BRINGS THIS ACTION PRO SE.

5. USPS IS AN INDEPENDENT ESTABLISHMENT OF THE EXECUTIVE BRANCH OF THE UNITED STATES. IT MAY SUE AND BE SUED IN ITS OFFICIAL NAME.

6. LOUIS DEJOY, POSTMASTER GENERAL, IS NAMED IN HIS OFFICIAL CAPACITY AS THE HEAD OF USPS FOR PURPOSES OF PROSPECTIVE AND INJUNCTIVE RELIEF, AND FOR ENFORCEMENT OF ARBITRATION AWARDS PURSUANT TO 39 U.S.C. § 1208(b).

7. NALC BRANCH 421 IS A LABOR ORGANIZATION HEADQUARTERED IN SAN ANTONIO, TEXAS AND SERVED AS THE EXCLUSIVE BARGAINING REPRESENTATIVE FOR CITY LETTER CARRIERS IN PLAINTIFF'S UNIT. ADDRESS: 6218 KREMPEN AVE. SAN ANTONIO, TX 78233.

8. RICHARD W. GOULD IS THE REGIONAL ADMINISTRATIVE ASSISTANT (RAA) SERVING NALC REGION 10 (TEXAS AND NEW MEXICO). DURING THE EVENTS AT ISSUE HE PARTICIPATED IN REPRESENTING PLAINTIFF'S INTERESTS AND HAD AUTHORITY AND RESPONSIBILITY IN ENFORCING GRIEVANCE-ARBITRATION SETTLEMENTS. HE IS SUED IN HIS INDIVIDUAL CAPACITY FOR BAD FAITH CONDUCT AND IN HIS OFFICIAL CAPACITY FOR PROSPECTIVE AND INJUNCTIVE RELIEF. SERVICE ADDRESS: NBA REGION 10 OFFICE, 23760 HIGHWAY 59 NORTH KINGWOOD, TX 77339

9. SHAWN BOYD IS THE NATIONAL BUSINESS AGENT (NBA) FOR REGION 10. DURING THE EVENTS AT ISSUE HE WORKED DIRECTLY WITH RICHARD W. GOULD REPRESENTING PLAINTIFF'S INTERESTS AND HE ALSO HAD EVEN MORE AUTHORITY AND RESPONSIBILITY IN ENFORCING GRIEVANCE-ARBITRATION SETTLEMENTS. HE IS SUED IN HIS INDIVIDUAL CAPACITY FOR GROSS BAD FAITH CONDUCT AND IN HIS OFFICIAL CAPACITY FOR PROSPECTIVE AND INJUNCTIVE RELIEF. SERVICE ADDRESS: NBA 10 OFFICE, 23760 HIGHWAY 59 NORTH KINGWOOD, TX 77339

## III. INTRODUCTION

9. This case concerns a former federal employee who suffered a physical assault by Mike Johnson a supervisor on 12/31/2015; reported the crime; obtained medical diagnosis of a cervical strain by a medical doctor & prescribed medication for the injury; prevailed in multiple grievance-arbitration proceedings that ordered expungement of false charges and 100% back pay; and yet to this day, has never been made whole because USPS has refused to honor binding awards while his union's representatives - culminating with the Region 10 RAA & NBA - failed and refused to enforce those awards.

10. The pattern includes (i) fabrication of "threat" allegations; (ii) removal premised on expunged charges; (iii) removal from duty (iv) intimidation by OIG agents to recant the truthful assault report; (v) removal of surveillance cameras documenting the assault; (vi) a sustained refusal by USPS to comply with awards issued 1st at Step B and later by a national arbitrator (Simon)

11. Plaintiff seeks enforcement of the arbitration awards, full back pay, interest, compensatory damages, punitive damages where legally available, sanctions for spoliation, and strong injunctive relief to end the retaliatory and unlawful practices that have persisted for more than a decade.

## IV. FACTUAL ALLEGATIONS

12. On the morning of December 31, 2015 supervisor Mike Johnson physically pushed the plaintiff into the postmaster's office injuring plaintiff neck.

13. Plaintiff called 911 to report an assault causing bodily injury on federal property.

14. Plaintiff went to an emergency room where a medical doctor diagnosed a cervical strain and prescribed muscle relaxers and pain medication.

15. Upon returning to the post office, another supervisor told plaintiff - conveying instructions from postmaster Joe Vasquez that the plaintiff must obtain a second opinion from his personal doctor before returning to duty. Plaintiff responded that he had no personal doctor. It being new years eve and most places are closed, plaintiff located an open clinic, obtained a second evaluation similar to the 1st and followed medical advice.

3

17. While at the second clinic, supervisor on duty called plaintiff and ordered him not to return per Postmaster Joe Vasquez without managements clearance, citing an alleged threat to a supervisor.

18. Managements account of dates and times regarding the alleged "threat" proved inconsistent during the grievance process. USPS failed to appear at Step B in the grievance-arbitration pipeline.

19. Step B Settlement/Award: The Step B decision expunged the bogus charge and ordered 100% back pay to be paid within 30 days. USPS did not pay and did not expunge the record as ordered.

20. Plaintiff filed multiple non-compliance grievances. He prevailed and was awarded additional compensatory remedy; $200 $200, and $100- each time recognizing managements non-compliance.

21. In April 2016, USPS issued a notice of removal charging plaintiff with being; "untruthful" and misrepresenting (his) medical condition to gain workers compensation benefits" despite the Step B award already expunging the predicate charge.

22. This matter proceeded to arbitration before National Arbitrator Simon, who again ruled for the plaintiff, ordering expungement and 100% back pay from approximately April 2016 through October 2016. USPS still refused to comply. Around January 2016, a supervisor telephoned plaintiff around 9am on or about Jan. 28, 2016 and said "they want you to come back to work" underscoring the lack of any genuine safety or integrity concerns.

4

23. Approximately 2 weeks later, 2 OIG special agents attempted to coerce plaintiff into changing his statement about the 12/31/2015 incident, suggesting that if he admitted he lied he would only face "a very short amount of prison time if management pushed for prosecution." Plaintiff refused to make any false statements and informed the agents the incident was captured on the camera about 10 feet from the postmaster's office. Subsequently, OIG personnel removed that camera along with another camera, thereby destroying key evidence and constituting spoliation.

24. Throughout this period, plaintiff was represented by the union ultimately, Richard W. Gould, then operating as union vice president and now RAA for Region 10, while Shawn Boyd also assisted with Richard and Boyd is in the same office Region 10 as National Business Agent (NBA) both told plaintiff "the union cannot force management to comply" and made vague and ambiguous attempts at further assistance; refusing to take the steps necessary and available to enforce the awards in court.

25. This refusal to enforce was arbitrary, dishonest, and in bad faith; it left plaintiff with limited wages, no expungement, and no remedy despite clear victories in contractual form. Plaintiff continues to suffer lost wages and benefits, reputational harm, and emotional distress. As a direct and proximate result of defendants' conduct and the continued non-compliance with binding arbitration decisions.

5

# V. CAUSES OF ACTION

## COUNT 1 - ENFORCEMENT OF GRIEVANCE-ARBITRATION AWARDS/BREACH OF CONTRACT (39 U.S.C. § 1208(b))

(AGAINST USPS AND THE POSTMASTER GENERAL IN OFFICIAL CAPACITY)

Authority 1: UNITED STEELWORKERS v. ENTERPRISE WHEEL & CAR CORP., 363 U.S. 593 (1960): 25. IN ENTERPRISE WHEEL, THE SUPREME COURT HELD THAT FINAL AND BINDING LABOR ARBITRATION AWARDS MUST BE ENFORCED BECAUSE THEY "DRAW THEIR ESSENCE" FROM THE COLLECTIVE BARGAINING AGREEMENT AND FORM THE BACKBONE OF NATIONAL LABOR POLICY. THE COURT EMPHASIZED THAT AN EMPLOYER CANNOT REFUSE COMPLIANCE MERELY BECAUSE IT DISLIKES THE RESULTS; JUDICIAL REVIEW IS EXTREMELY LIMITED, AND COURTS ARE TO ENFORCE THE AWARD ABSENT NARROW EXCEPTIONS NOT PRESENT HERE. USPS's CONTINUED REFUSAL TO PAY 100% BACKPAY AND TO EXPUNGE PLAINTIFF'S RECORD AFTER STEP B AND NATIONAL ARBITRATION MIRRORS THE EXACT UNLAWFUL DEFIANCE CONDEMNED IN ENTERPRISE WHEEL. HERE ARE 2 SEPERATE AWARDS- STEP B & NATIONAL ARBITRATOR SIMON - UNEQUIVOCAlly GRANTED EXPUNGMENT AND FULL BACKPAY. USPS's MULTI-YEAR REFUSAL TO HONOR THEM DOES NOT PRESENT A GOOD-FAITH INTERPRETIVE DISPUTE; IT IS A REPUDIATION OF THE GRIEVANCE-ARBITRATION PROCESS ITSELF, PRECISELY THE SITUATION IN WHICH FEDERAL COURTS, UNDER THE LABOR-ARBITRATION TRILOGY, MUST COMPEL COMPLIANCE TO VINDICATE FEDERAL LABOR POLICY AND THE PARTIES CONTRACTUAL COMMITMENTS.

# COUNT II - BREACH OF THE DUTY OF FAIR REPRESENTATION

(AGAINST NALC BRANCH 401; PROSPECTIVE/EQUITABLE RELIEF ALSO AGAINST RICHARD W. GOULD & SHAWN BOYD, RAA & NBA REGION 10)

## AUTHORITY 1: VACA V. SIPES, 386 U.S. 171 (1967)

26. VACA ESTABLISHES THAT A UNION BREACHES ITS DUTY OF FAIR REPRESENTATION WHEN ITS CONDUCT TOWARD A MEMBER IS ARBITRARY, DISCRIMINATORY, OR IN BAD FAITH. PLAINTIFF'S UNION REPRESENTATIVES - CULMINATING WITH REGION 10 LEADERSHIP - TOLD PLAINTIFF THE UNION COULD NOT ENFORCE BINDING AWARDS AND REFUSED TO DO SO, DESPITE REPEATED NON-COMPLIANCE BY USPS. THAT REFUSAL WAS ARBITRARY (IGNORING ENFORCEMENT MECHANISMS UNDER § 1208(b)), DISHONEST (MISSTATING AUTHORITY), AND IN BAD FAITH (ABANDONING A MEMBER WHO HAD ALREADY PREVAILED). UNDER VACA, A UNION'S DELIBERATE INACTION IN THE FACE OF A MEMBER'S CLEAR CONTRACTUAL VICTORIES CONSTITUTES A COGNIZABLE BREACH BECAUSE IT EVISCERATES THE VALUE OF THE GRIEVANCE-ARBITRATION PROCESS. BUT FOR THE UNION'S REFUSAL TO ENFORCE, PLAINTIFF WOULD NOT BE SUFFERING ONGOING WAGE LOSS AND REPUTATIONAL INJURY FROM EXPUNGED DISCIPLINARY ACTIONS.

## AUTHORITY 2: AIR LINE PILOTS ASS'N V. O'NEILL, 499 U.S. 65 (1991)

27. O'NEILL UNDERSCORES THAT UNIONS MUST ACT WITHIN A "WIDE RANGE OF REASONABLENESS," BUT THAT RANGE IS BOUNDED BY REQUIREMENTS OF HONESTY, GOOD FAITH, AND NON-ARBITRARINESS. HERE ARE 2 BINDING AWARDS THE UNION'S REPEATED POSITION - "WE CAN'T FORCE MANAGEMENT TO COMPLY" FELL OUTSIDE ANY REASONABLE RANGE BECAUSE IT RENOUNCED AVAILABLE LEGAL AVENUES (INCLUDING § 1208(b) ENFORCEMENT ACTIONS) AND MISLED PLAINTIFF ABOUT HIS RIGHTS. UNDER O'NEIL, SUCH RECKLESS INDIFFERENCE TO A MEMBER'S ENFORCEABLE RIGHTS CONSTITUTES A BREACH. ACCORDINGLY, JUDGEMENT SHOULD ENTER AGAINST NALC BRANCH 401 FOR DAMAGES CAUSED BY ITS BREACH, AND INJUCTIVE/DECLARATORY RELIEF SHOULD ISSUE REQUIRING NBA SHAWN BOYD AND RAA RICHARD GOULD ALONG WITH THE REGION 10 OFFICE TO TAKE AFFIRMATIVE STEPS TO SECURE COMPLIANCE AND TO REFRAIN FROM FURTHER OBSTRUCTION.

7

# COUNT II: WHISTLEBLOWER RETALIATION
## (5 U.S.C § 2302(b)(8) AND COGNATE FEDERAL PROTECTION)
### (AGAINST USPS AND THE POSTMASTER GENERAL IN OFFICIAL CAPACITY)

**Authority 1:** Whitmore v. Dep't of Labor, 680 F.3d 1353 (Fed. Cir 2012).

28. Whitmore recognizes that reporting misconduct and threats to safety are protected disclosures and that agencies may not retaliate against employees who make such disclosures. Plaintiff's 911 report of a criminal assault by a USPS supervisor is quintessential protected activity; his refusal to adopt a false narrative demanded by OIG is likewise protected. The retaliatory actions that followed—fabricated "threat" allegations, removal from duty, a notice of removal premised on already-expunged charges, and refusal to honor arbitration awards—are adverse personnel actions because of plaintiff's disclosures and refusal to lie. Under Whitmore, these facts state a claim for unlawful reprisal warranting reinstatement of all rights, back pay with interest, compensatory relief, and injunctive orders barring further retaliation.

(Continued)...

AUTHORITY 2: CHAMBERS v. DEP'T OF INTERIOR, 515 F.3d 1362 (FED. CIR. 2008).

29. CHAMBERS CONFIRMS THAT DISCLOSURES REGARDING CRIMINAL CONDUCT AND PUBLIC SAFETY ARE PROTECTED, AND AGENCIES CANNOT CREATE PRETEXUAL DISCIPLINE TO PUNISH WHISTLEBLOWERS. USPS's ISSUANCE OF A REMOVAL BASED ON EXPUNGED ALLEGATIONS, COUPLED WITH OIG EFFORTS TO COERCE A FALSE CONFESSION, MIRRORS THE PRETEXT AND PUNISHMENT PROHIBITED BY CHAMBERS. AS IN CHAMBERS, THE RECORD HERE SUPPORTS A FINDING THAT ADVERSE ACTIONS WERE TAKEN BECAUSE OF PLAINTIFF'S PROTECTED DISCLOSURES. APPROPRIATE REMEDIES INCLUDE MAKE-WHOLE RELIEF, DISCIPLINE-EXPUNGEMENT ORDERS, AND BROAD INJUCTIVE RELIEF TO ENSURE PLAINTIFF IS FREE FROM RETALIATION GOING FORWARD.

# COUNT IV — FEDERAL TORT CLAIMS ACT (NEGLIGENCE ARISING FROM ASSAULT; NEGLIGENT SUPERVISION/RETENTION; FAILURE TO PROVIDE SAFE WORKPLACE)

(AGAINST THE UNITED STATES / USPS)

AUTHORITY 1: SHERIDAN v. UNITED STATES, 487 U.S. 392 (1988).

30. SHERIDAN HOLDS THE FTCA ALLOWS GOVERNMENT LIABILITY FOR NEGLIGENT ACTS THAT ENABLE OR FAIL TO PREVENT AN INTENTIONAL TORT, EVEN WHERE § 2680(h) WOULD OTHERWISE BAR A DIRECT INTENTIONAL-TORT CLAIM, BECAUSE THE GRAVAMEN IS INDEPENDENT NEGLIGENCE. USPS'S FAILURE TO SUPERVISE, RETAIN, AND CONTROL A SUPERVISOR WHO PHYSICALLY ASSAULTED PLAINTIFF, COUPLED WITH FAILURE TO PROTECT PLAINTIFF AFTER CLEAR WARNING SIGNS, FITS SQUARELY WITHIN SHERIDAN'S RATIONALE. USPS KNEW OR SHOULD HAVE KNOWN OF RISKS AND TENSIONS IN THE WORKPLACE; IT OWED PLAINTIFF A SAFE WORK ENVIRONMENT AND REASONABLE SUPERVISION. ITS BREACH LED TO THE ASSAULT AND THE ENSUING INJURIES (CERVICAL STRAIN, PAIN, LOST WAGES). UNDER SHERIDAN, USPS IS LIABLE IN NEGLIGENCE FOR DAMAGES PROXIMATELY CAUSED BY ITS FAILURES.

AUTHORITY 2: CHAMBERS v. NASCO, INC., 501 U.S. 32 (1991)

31. ALTHOUGH NOT AN FTCA DECISION, CHAMBERS v NASCO RECOGNIZES THE INHERENT POWER OF FEDERAL COURTS TO REMEDY SPOLIATION AND BAD-FAITH LITIGATION CONDUCT THROUGH SANCTIONS AND ADVERSE INFERENCES. THE REMOVAL OF SURVEILLANCE CAMERAS BY OIG ELIMINATED DIRECT OBJECTIVE EVIDENCE OF THE ASSAULT. IN LIGHT OF THIS SPOLIATION, THE COURT SHOULD IMPOSE ADVERSE INFERENCES, ISSUE-RELATED SANCTIONS, AND FEE-SHIFTING RELIEF AS JUSTICE REQUIRES. THE SPOLIATION MAGNIFIES USPS'S NEGLIGENCE BECAUSE DESTRUCTION OF EVIDENCE FORESEEABLY COMPOUNDED PLAINTIFF'S HARM AND IMPEDED REDRESS.

# COUNT V - FIFTH AMENDMENT DUE PROCESS (EQUITABLE AND DECLARATORY RELIEF)

(AGAINST USPS AND THE POSTMASTER GENERAL IN OFFICIAL CAPACITY; COORDINATED RELIEF AGAINST NALC BRANCH 421, NBA BOYD AND RAA GOULD TO EFFECTUATE COMPLIANCE)

**AUTHORITY 1:** Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532 (1985).

32. Loudermill affirms that public employees with a property interest in continued employment and wages cannot be deprived of that interest without due process, including meaningful notice and opportunity to be heard before deprivation becomes final. While Loudermill involved a state employer, the 5th Amendment imposes parallel constraints on federal actors. USPS's post-award defiance functioned as a continuing deprivation of plaintiff's wage and employment property interests without any legitimate process. By refusing to implement binding awards (including expungements), USPS effectively nullified the process that existed and deprived plaintiff of property without constitutionally adequate procedures. Equitable relief is warranted to implementation and bar future deprivations.

**AUTHORITY 2:** Mathews v Eldridge, 424 U.S. 319 (1976)

33. Mathews sets forth a balancing test for procedural due process - (a) the private interest affected; (b) the risk of erroneous deprivation and the value of additional safeguards; and (c) the governmental interests at stake. Plaintiff's private interests (wages, benefits, reputation) are weighty; the risk of erroneous deprivation has been proven high by two arbitration victories and multiple sustained non-compliance grievances; and the government's interest in efficient resolution favors honoring awards, not defying them! Under Mathews, equity favors injunctive and declatory relief ordering USPS to implement the awards, reinstate plaintiff at postmaster position and restore appropriate wages with interest, expunge records, and adopt safeguards preventing non-compliance in future cases, with coordination orders directed at NALC Branch 421 and Region 10 to cooperate in enforcement.

11

# VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER JUDGMENT IN HIS FAVOR AND AGAINST DEFENDANTS, JOINTLY AND SEVERALLY WHERE PERMITTED BY LAW, AND AWARD THE FOLLOWING:

A. REINSTATEMENT TO A POST OFFICE OF THE PLAINTIFFS CHOOSING WITH THE POSITION OF POSTMASTER OR HIGHEST LEVEL OF RANK AT SAID LOCATION WITH SALARY DISCUSSED UPON SETTLEMENT.

B. ENFORCEMENT OF THE STEP B AND NATIONAL ARBITRATION AWARDS, INCLUDING IMMEDIATE EXPUNGEMENT OF ALL RELATED CHARGES AND PAYMENT OF 100% BACKPAY FOR ALL COVERED PERIODS, WITH PRE AND POST-JUDGMENT INTEREST;

C. COMPENSATORY DAMAGES FOR LOST WAGES, BENEFITS, REPUTATIONAL HARM, AND EMOTIONAL DISTRESS IN A TOTAL AMOUNT OF $500,000,000, allocated as permitted BY LAW (RECOGNIZING THAT PUNITIVE DAMAGES ARE NOT SOUGHT AGAINST THE UNITED STATES/USPS UNDER THE FTCA, BUT ARE SOUGHT AGAINST NON-FEDERAL DEFENDANTS TO THE EXTENT LEGALLY AVAILABLE);

D. INJUNCTIVE RELIEF COMPELLING USPS TO IMPLEMENT ALL ARBITRATION AWARDS, TO CEASE AND DESIST FROM ALL RETALIATION, AND TO INSTITUTE COMPLIANCE PROCEDURES.

E. DECLARATORY RELIEF THAT THE DEFENDANTS' CONDUCT VIOLATED FEDERAL LAW AND THE PLAINTIFFS RIGHTS.

F. ADVERSE-INFERENCE AND SPOLIATION SANCTIONS APPROPRIATE TO REMEDY THE DESTRUCTION/REMOVAL OF SURVEILLANCE EVIDENCE!

G. REASONABLE LITIGATION EXPENSES AND COSTS (ANY STATUTORY FEE-SHIFTING AVAILABLE TO PRO SE LITIGANTS);

H. SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER IN LAW OR EQUITY.

# VII. JURY DEMAND

34. PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

12

## VIII. VERIFICATION

I, JOSHUA JEROME SCOTT, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. EXECUTED ON _____ 2025, AT _____, TEXAS

_____
JOSHUA JEROME SCOTT
PLAINTIFF PRO SE

## IX. CERTIFICATE OF SERVICE

I CERTIFY THAT ON _____ 2025, I SERVED THE FOREGOING VERIFIED COMPLAINT AND CIVIL COVER SHEET BY UPS DELIVERY (SIGNATURE REQUIRED) UPON:

- UNITED STATES POSTAL SERVICE (USPS), 475 L'ENFANT PLAZA SW, WASHINGTON, DC 20260

- LOUIS DeJOY, POSTMASTER GENERAL (OFFICIAL CAPACITY), 475 L'ENFANT PLAZA SW, WASHINGTON, DC 20260

- NATIONAL ASSOCIATION OF LETTER CARRIERS, ALAMO BRANCH 421, 6218 KREMPEN AVE., SAN ANTONIO, TX 78233

- RICHARD W. GOULD, REGIONAL ADMINISTRATIVE ASSISTANT (RAA), NALC REGION 10, NBA REGION 10 OFFICE, 23760 HIGHWAY 59 NORTH, KINGWOOD, TX 77339 (OFFICIAL & INDIVIDUAL CAPACITIES)

- SHAWN BOYD, NATIONAL BUSINESS AGENT (NBA) FOR NALC REGION 10, (OFFICIAL & INDIVIDUAL CAPACITIES) NBA REGION 10 OFFICE, 23760 HIGHWAY 59 NORTH, KINGWOOD, TX 77339

NOTICE REGARDING SERVICE ON THE UNITED STATES OF AMERICA: CONSISTENT WITH FED. R. CIV. P. 4(i), PLAINTIFF WILL ALSO SERVE THE CIVIL PROCESS CLERK, UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF TEXAS, AND THE ATTORNEY GENERAL OF THE UNITED STATES, 950 PENNSYLVANIA AVE. NW, WASHINGTON, DC 20530 BY APPROPRIATE MEANS.

13

_____
JOSHUA JEROME SCOTT
8-21-2025
PLAINTIFF PRO SE'